# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-cv-260-RJC
# (3:18-cr-117-RJC-DCK-1)

| | |
|---|---|
| **RASHAWN DONNELL WILLIAMS,** | ) |
| **Petitioner,** | ) ) ) |
| vs. | ) ) **ORDER** |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| **Respondent.** | ) ) ) |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Petition for Writ of Habeas Corpus to Vacate and/or Set-Aside Conviction and Sentence Under 28 U.S.C. § 2255," (Doc. No. 1).

Petitioner pled guilty pursuant to a Plea Agreement in the underlying criminal case to: Count (2), attempted murder of a federal employee and aiding and abetting (18 U.S.C. §§ 1114 and 2); and Count (3), discharging a firearm during, in relation to, and in furtherance of a crime of violence as set forth in Count (2) and aiding and abetting (18 U.S.C. §§ 924(c) and 2). (3:18-cv-117, Doc. No. 39). In a Judgment docketed on December 31, 2019, Petitioner was sentenced to a total of 336 months' imprisonment consisting of 216 months for Count (2) and 120 months for Count (3), consecutive, followed by three years of supervised release. (Id., Doc. No. 75). Counsel filed a Notice of Appeal on Petitioner's behalf on January 7, 2020. (Id., Doc. No. 79). Petitioner's direct appeal is presently pending before the Fourth Circuit Court of Appeals, case number 20-4036.

1

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on March 13, 2020.[1] He asks the Court to vacate his § 924(c) conviction pursuant to United States v. Davis, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019), because attempts, aiding and abetting, and conspiracy offenses do not satisfy § 924(c)'s force clause.

While "[t]here is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255 … the courts have held that such motion is inappropriate if the movant is simultaneously appealing the decision." Rule 5, Rules Governing Section 2255 Proceedings, advisory committee notes. In the instant case, it is possible that Petitioner's § 2255 claim could be resolved on direct appeal. Therefore, the *pro se* § 2255 Motion to Vacate is premature. See Walker v. Connor, 72 Fed. Appx. 3 (4th Cir. 2003) (noting that a § 2255 petition is premature when a direct criminal appeal is pending). The Court further notes that the *pro* se § 2255 Motion to Vacate is not on the required form and is not verified (signed under penalty of perjury).

The Court will, therefore, dismiss the Motion to Vacate without prejudice for Petitioner to refile a § 2255 petition after the Judgment becomes final. See, e.g., Flores-Rojas v. United States, 2010 WL 92437 (W.D.N.C. Jan. 6, 2010) (dismissing premature § 2255 petition without prejudice).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Petition for Writ of Habeas Corpus to Vacate and/or Set-Aside Conviction and Sentence Under 28 U.S.C. § 2255," (Doc. No. 1), is **DISMISSED** without prejudice as premature.

---

[1] Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (establishing the prison mailbox rule); Rule 3(d), Rules Governing § 2255 Proceedings for the United States District Courts (addressing inmate filings).

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk of Court is instructed to mail Petitioner a blank § 2255 form.

Signed: May 18, 2020

Robert J. Conrad, Jr.
United States District Judge